**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| J. MICHELLE EARICK, | : | Case No. 3:20-cv-234 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMSSIONER OF SOCIAL | : | |
| SECURTY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

Plaintiff J. Michelle Earick brings this case challenging the Social Security Administration's denial of her application for a period of disability and Disability Insurance Benefits.  The case is before the Court upon Plaintiff's Statement of Errors (Doc. #12), the Commissioner's Memorandum in Opposition (Doc. #15), Plaintiff's Reply (Doc. # 16), and the administrative record (Doc. #11).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

1

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on May 18, 2017[2], alleging disability due to several impairments, including hip, back, and knee problems, depression, osteoarthritis in the knee, hip, and back, and degenerative disc disease.  After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon on March 7, 2019.  Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520.  He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since April 26, 2017, the alleged disability onset date.

Step 2: Plaintiff has the following severe impairments: lumbar spine degenerative disc disease, degenerative joint disease of the knees, residuals of bilateral hip replacement surgery, obesity, and depressive disorder.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … subject to following limitations: (1) no more than occasional stooping, balancing, or climbing ramps or stairs; (2) no crawling, crouching, kneeling, or climbing ladders, ropes, or scaffolds; (3) standing/walking for a total of up to four hours per day; (4) no work around hazards such as unprotected heights or dangerous machinery; (5) no operation of automotive equipment in the course of employment; (6) no concentrated exposure to temperature extremes, wet or cold areas, or high concentration of humidity; (7) no more than occasional use of foot controls;

---

[2] Plaintiff previously filed for benefits on December 4, 2014 alleging disability commencing September 26, 2014.  That application was denied by administrative decision April 25, 2017.  (Doc. #11-3, *PageID* #s 105-29). Plaintiff did not appeal that decision.  (Doc. #11-2, *PageID* #56).

2

(8) no concentrated exposure to vibration; (9) limited to performing unskilled, simple, repetitive tasks; (10) no fast-paced production work or jobs involving strict production quotas; (11) no public contact; (12) limited to performing jobs that involve very little, if any, change in duties or work routine from one day to the next."

She is unable to perform her past relevant work.

Step 5:        She could perform a significant number of jobs that exist in the national economy such as a routing clerk, merchandise marker or sub-assembler.

(Doc. #11-2, *PageID* #s 59-70). Based on these findings, ALJ Kenyon concluded that Plaintiff has not been under a benefits-qualifying disability since April 26, 2017. *Id.* at 70.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #11-2, *PageID* #s 60-65), Plaintiff's Statement of Errors (Doc. #12), and the Commissioner's Memorandum in Opposition (Doc. #15). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

3

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III.   Discussion

In her Statement of Errors, Plaintiff alleges that ALJ Kenyon erred by (1) failing to adequately develop the record with opinion evidence as to Plaintiff's residual functional capacity ("RFC") during the relevant period and (2) failing to assess Plaintiff's subjective complaints in accordance with the regulations. (Doc. #12).

In response, the Commissioner contends that ALJ Kenyon acknowledged Plaintiff's severe impairments and accounted for any limitations that they would cause by limiting Plaintiff to a reduced range of light work. (Doc. #15). Commissioner further maintains that the ALJ's decision is supported by substantial evidence. *Id.*

It is well-settled that the plaintiff bears the ultimate burden of proof as to the existence and severity of the limitations caused by her impairments. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007). It is equally accepted, however, that it is the ALJ who bears the burden to develop the administrative record upon which his decision rests. *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). This duty arises because "[s]ocial security

4

proceedings—unlike judicial ones—are inquisitorial, not adversarial." *Chester v. Comm'r of Soc. Sec.*, No. 11-1535, 2013 WL 1122571, at *8 (E.D. Mich. Feb. 25, 2013); *see also, Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate facts and develop the arguments both for and against granting benefits.").

Further, while there is "no bright line test" for determining whether the ALJ has failed to fully develop the record, *Lashley*, 708 F.2d at 1052, matters are subject to remand if the "ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Kizys v. Comm'r of Soc. Sec.*, No. 3:10 CV 25, 2011 WL 5024866, at *1–3 (N.D. Ohio Oct. 21, 2011). Under these circumstances, the ALJ's obligation to develop the record may be satisfied, without obtaining additional evidence, if the evidence involves "relatively little physical impairment" such that the ALJ can render "a commonsense judgement about functional capacity." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008). This, however, would only apply in a "limited" number of cases "when the medical evidence is so clear, and so undisputed, that an ALJ would be justified in drawing functional capacity conclusions from such evidence without the assistance of a current medical source." *Harris v. Comm'r of Soc. Sec.*, No. 15-10966, 2016 WL 8114128, at *10 (E.D. Mich. Mar. 2, 2016), *report and recommendation adopted sub nom.*, No. 15-CV-10966, 2016 WL 2848422 (E.D. Mich. May 16, 2016) (citations omitted).

In all other cases, the ALJ must fulfill his obligation to develop a complete record by utilizing the tools provided in the regulations for ordering additional opinion evidence, such as

5

"recontact[ing] the treating source, order[ing] a consultative examination, or hav[ing] a medical expert testify at the hearing." *Deskin*, 605 F. Supp. 2d 908 at 912. At base, the "key inquiry" in these circumstances is whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts." *Bryant v. Comm'r of Soc. Sec.*, No. 3:15-CV-354, 2017 WL 489746, at *3–5 (S.D. Ohio Feb. 7, 2017) (Newman, M.J.) (quotation marks and citation omitted), *report and recommendation adopted sub nom.*, No. 3:15-CV-354, 2017 WL 713564 (S.D. Ohio Feb. 22, 2017) (Rice, D.J.).

In this case, there are only two medical opinions concerning Plaintiff's physical RFC. (Doc. #11-2, *PageID* #65). Gail Mutchler, M.D. and Leigh Thomas, M.D., two non-examining state agency physicians, reviewed Plaintiff's files and authored opinions in July and September 2017, respectively. (Doc. #11-3, *PageID* #s 130-40, 142-53). These physicians both found no new and material evidence that would warrant changing the findings made in the prior decision regarding the extent of limitation imposed by Plaintiff's physical impairments and, thus, adopted the RFC findings from the prior decision. *Id.* at 137, 150. In reviewing these opinions, ALJ Kenyon found both to be "persuasive" on the basis that they were "quite plausible and consistent with the evidence of record." (Doc. #11-2, *PageID* #s 65-66).

Plaintiff, however, disputes this finding, alleging that the opinions provided by Drs. Mutchler and Thomas were insufficient and outdated, as they were rendered before she submitted the treatment records evidencing a deterioration in her lower back and knee impairments. (Doc. #12, *PageID* #s 902-07). Indeed, in support of her alleged onset date of April 26, 2017, Plaintiff submitted additional medical records extending through February 2019, for which Drs. Mutchler

and Thomas—who authored their opinions in July and September 2017—did not have the benefit of reviewing. (*See* Doc. #11-7, *PageID* #s 707-72; Doc. #11-8, *PageID* #s 774-887). Significantly, this evidence included numerous examinations with abnormal findings, MRIs, multiple steroid injections, and two surgical procedures. *See id*. As such, these medical records constitute "a critical body of objective medical evidence" for which Drs. Mutchler and Thomas did not consider, thus necessitating further development of the record. *Kizys*, 2011 WL 5024866, at *2.

Further, this is not a case where the evidence "shows relatively little physical impairment" such that ALJ Kenyon was able to make a "commonsense judgment" about Plaintiff's functional capacity without the assistance of a medical opinion. *See Deskin*, 605 F. Supp. 2d at 912. On the contrary, the additional medical records submitted by Plaintiff primarily involve treatment for her lower back and knee impairments, both of which ALJ Kenyon himself found to constitute severe impairments. (Doc. #11-2, *PageID* #s 60-61). Indeed, in reviewing this evidence, ALJ Kenyon acknowledged that the additional records indicated that Plaintiff underwent two arthroscopic surgeries, MRI scans, and numerous steroid injections. *See id*. at 60-61, 65-66. ALJ Kenyon then proceeded, without the aid of a medical opinion, to find that such evidence constituted "rather innocuous clinical findings[,]" warranting only one change in Plaintiff's previously imposed functional capacity. *See id*. This determination, however, was not his to make. While it is the function of the ALJ to ultimately assess a plaintiff's RFC, it is the function of a medical expert to interpret these types of raw medical data "in terms that the ALJ, who is not a medical professional, may understand[.]" *Griffin v. Astrue*, No. 3:07-cv-447, 2009 WL 633043, at *10 (S.D. Ohio Mar. 6, 2009) (Rose, D.J.). Therefore, despite the fact that it is generally up to the discretion of the ALJ

7

as to whether to call an expert to testify, the Court may overturn that discretion where, as here, "it appears that the use of a medical consultant was necessary -- rather than simply helpful -- in order to allow the ALJ to make a proper decision." *Young v. Comm'r of Soc. Sec.,* No. 2:10-CV-960, 2011 WL 2923695, at *6 (S.D. Ohio June 20, 2011) (Kemp, M.J.), *report and recommendation adopted,* No. 2:10-CV-960, 2011 WL 2942983 (S.D. Ohio July 20, 2011) (Frost, D.J.) (internal citations omitted).

Simply put, while Plaintiff's surgical procedures, MRI results, and diagnostic records "may appear minimal to the lay person, the ALJ was not qualified to translate this medical data into functional capacity determinations." *Mabra v. Comm'r of Soc. Sec.,* No. 2:11-CV-00407, 2012 WL 2319245, at *9 (S.D. Ohio June 19, 2012) (Preston Deavers, M.J.), *report and recommendation adopted*, No. 2:11-CV-00407, 2012 WL 3600127 (S.D. Ohio Aug. 21, 2012) (Sargus, D.J.).  Thus, being faced with a critical body of objective medical evidence involving Plaintiff's severe impairments, without the aid of any medical expert of record, ALJ Kenyon was obligated to develop a complete record by ordering additional opinion evidence.  *See Deskin*, 605 F. Supp. 2d at 912. Here, ALJ Kenyon "could have solicited the opinion of a medical expert, ordered an additional consultative exam, or sent the MRIs, surgical records, and other records back to the state agency reviewing physician[s] for an updated assessment. However, no such steps were taken." *Gentry v. Comm'r of Soc. Sec.,* No. 1:17 CV 1182, 2018 WL 4305213, at *5 (N.D. Ohio Sept. 10, 2018) (internal citations and quotations omitted).  Instead, ALJ Kenyon based Plaintiff's RFC on his own interpretation of the raw medical data from October 2017 onward.  *See id*.  As a result, his RFC determination is not supported by substantial evidence.

8

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

## IV.   **Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff J. Michelle Earick was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case be terminated on the Court's docket.


October 5, 2021                                        s/ Peter B. Silvain, Jr.
                                                       Peter B. Silvain, Jr.
                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).